UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHM PLYMOUTH, LLC, | ) Case No. |
| | ) |
| | ) IN ADMIRALTY |
| Plaintiff, | ) |
| | ) VERIFIED COMPLAINT |
| v. | ) FOR VESSEL ARREST, |
| | ) INTERLOCUTORY SALE AND |
| M/Y APPIAN WAY, Official No. 1040343, AND | ) FOR MONEY DAMAGES FOR |
| ALL OF HER ENGINES, TACKLE, | ) BREACH OF MARITIME CONTRACT |
| ACCESSORIES, EQUIPMENT, FURNISHINGS | ) |
| AND APPURTENANCES, *in rem;* and PATRICK | ) |
| TINSMAN, an individual, *in personam,* | ) F.R.C.P. Supplemental Admiralty |
| | ) Rules C and E. |
| Defendants. | ) |
| | ) |
| | ) 46 U.S.C. Sections 30101- 31343 |
| | ) |

Plaintiff alleges:

## JURISDICTION

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, embodied at 46 U.S.C. sections 31301, et seq. This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this Honorable Court. Plaintiff, SHM PLYMOUTH, LLC (hereinafter "PLAINTIFF") brings this action on its own behalf and on behalf of all parties who were, are or may become interested in all or part of the property which is the subject of this litigation, as their interests may appear.

## PARTIES

2. PLAINTIFF is and was at all times material herein a Delaware limited liability company in good standing and existing by virtue of the law of the State of Delaware and registered to do business in Massachusetts. PLAINTIFF owns and operates a boatyard located at 14 Union Street, Plymouth, MA 02360.

3. United States Coast Guard records reflect that the DEFENDANT VESSEL is a year 1994, 54-foot Hatteras yacht, U.S. Coast Guard Official Number 1040343. She is now and will during the pendency of this action be within the waters of the District of Massachusetts, and hence within the admiralty jurisdiction of this Honorable Court.

4. Plaintiff is informed and believes and thereon alleges Defendant, PATRICK TINSMAN, is an individual residing in the State of Maine and is the owner of the DEFENDANT VESSEL.

## FIRST CAUSE OF ACTION

(Breach of Maritime Contract for Necessaries -- Against All Defendants)

5. PLAINTIFF refers to Paragraphs 1 through 4, inclusive, of this Complaint and incorporates them as though fully set forth herein.

6. Beginning in October, 2019, at the request of Defendant PATRICK TINSMAN, PLAINTIFF provided certain services for the benefit of the DEFENDANT VESSEL, including but not limited to: checking general condition of engines; change fuel filters; change oil and filters on main engines; service water pumps; service generator; replace port engine main water pump; replace 4 main batteries; replace main battery switches; start and diagnose port main

engine and port generator; service through hull valves; replace 5 bilge pumps; troubleshoot and repair shore power connections; and obtain and analyze oil samples; of the DEFENDANT VESSEL and storing her.

7.  The services PLAINTIFF provided included vessel repairs, improvements and refurbishment, all of which constitute "necessaries" for purposes of the Commercial Instruments and Maritime Lien Act (46 U.S.C. section 31301, et seq.). The Commercial Instruments and Maritime Lien Act specifically provides that "necessaries includes repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. section 30301 (Emphasis added), see also Boat LA SAMBRA v. Lewis, 321 F.2d 29 (9th Cir. 1963) (recognizing vessel repairs give rise to maritime lien); and Bradford Marine, Inc. v. The SEA FALCON, 64 F.3d 585 (11th Cir. 1995) (recognizing maritime liens arise for vessel repair services). Vessel storage services also give rise to a maritime lien under the General Maritime Law of the United States. See, e.g., Ex Parte EASTON, 95 U.S. 68, 75-77 (1877) ("contract for wharfage is a maritime contract [and a] maritime lien arises against the ship or vessel in favor of the proprietor of the wharf"); see also The WESTERN WAVE, 77 F .2d 695 (5th Cir. 1935) (so recognizing); Marubeni-lida (America), Inc. v. Nippon Yusen Kaisha, 207 F. Supp. 418, 419 (S.D.N.Y. 1962) ("furnishing of wharf facilities are maritime services"); The SUELCO, 286 F. 286, 288 (S.D.N.Y. 1922) ("wharfage is the basis of a maritime lien generally, and even in a vessel's home port"); and Humphreys R., Inc. v. F/V NILS 603 F. Supp. 95, 98 (Dist. Va. 1984) ("wharfage contracts are within the maritime jurisdiction [and are] subject to a maritime lien under the general maritime law").

8.  PLAINTIFF in the regular course of business sent Defendant PATRICK TINSMAN invoices for the above described and other work.

9. Although he paid PLAINTIFF $12,368.56, Defendant PATRICK TINSMAN failed and refused to pay the balance due or any part thereof.

10. On account of such failure and refusal, the account for the DEFENDANT VESSEL remains in arrears in an amount of not less than $34,147.45.

11. PLAINTIFF has fully satisfied all obligations required of it as a maritime goods and services provider.

12. Despite PLAINTIFF'S repeated demands to pay monies due and owing for maritime goods and services provided for the benefit of the DEFENDANT VESSEL, the DEFENDANT VESSEL and her owner, the in personam Defendant, PATRICK TINSMAN, have failed and refused, and they continue to fail and refuse, to pay sums necessary to satisfy PLAINTIFF's maritime lien, which now encumbers the DEFENDANT VESSEL as a matter of law.

13. By reason of the foregoing, PLAINTIFF has been damaged in a sum of not less than $34,147.45, plus pre-judgment and costs of suit, no part of which has been paid by the DEFENDANT VESSEL, by Defendant PATRICK TINSMAN or anyone else.

**WHEREFORE**, plaintiff prays:

1. That process in due form of law pursuant to this Court's Admiralty and Maritime jurisdiction issue in rem against the DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest in the DEFENDANT VESSEL be cited to appear and Answer this Verified in rem Complaint;

2. That the in personam Defendant, PATRICK TINSMAN, be cited to appear and Answer this Verified Complaint;

3. That PLAINTIFF's maritime lien be declared to be valid and subsisting in an amount of not less than $23,310.49, plus prejudgment interest and costs of suit, and that such lien is prior and superior to the interests, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

4. That judgment be entered against the DEFENDANT VESSEL, in rem, and against the in personam Defendant, PATRICK TINSMAN, jointly and severally, for PLAINTIFF's damages in a sum not less than not less than $23,310.49, together with prejudgment interest thereon, plus costs of suit, together with all other amounts which have been or are required to be disbursed by PLAINTIFF for the care, insuring, preservation, storage and mooring of DEFENDANT VESSEL, and all other advances, expenses, fees, costs and disbursements by PLAINTIFF, together with post-judgment interest at the maximum statutory rate;

5. That DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims of PLAINTIFF, with interest and costs, and that PLAINTIFF be authorized to become a purchaser permitted to credit bid at any sale of the DEFENDANT VESSEL any amounts owing to PLAINTIFF;

6. That it be decreed that any and all persons, corporations or other entities claiming any interest in the DEFENDANT VESSEL are forever barred and foreclosed of and from all

2. That the in personam Defendant, PATRICK TINSMAN, be cited to appear and Answer this Verified Complaint;

3. That PLAINTIFF's maritime lien be declared to be valid and subsisting in an amount of not less than $23,310.49, plus prejudgment interest and costs of suit, and that such lien is prior and superior to the interests, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

4. That judgment be entered against the DEFENDANT VESSEL, in rem, and against the in personam Defendant, PATRICK TINSMAN, jointly and severally, for PLAINTIFF's damages in a sum not less than not less than $23,310.49, together with prejudgment interest thereon, plus costs of suit, together with all other amounts which have been or are required to be disbursed by PLAINTIFF for the care, insuring, preservation, storage and mooring of DEFENDANT VESSEL, and all other advances, expenses, fees, costs and disbursements by PLAINTIFF, together with post-judgment interest at the maximum statutory rate;

5. That DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims of PLAINTIFF, with interest and costs, and that PLAINTIFF be authorized to become a purchaser permitted to credit bid at any sale of the DEFENDANT VESSEL any amounts owing to PLAINTIFF;

6. That it be decreed that any and all persons, corporations or other entities claiming any interest in the DEFENDANT VESSEL are forever barred and foreclosed of and from all

right or equity of redemption or claim of, in, or to the DEFENDANT VESSEL and every part thereof;

7. That PLAINTIFF recover from all Defendants, jointly and severally, the amount of any deficiency, including expenses and costs that may be due the PLAINTIFF after applying the proceeds of the sale of the DEFENDANT VESSEL to the amount of the decree herein requested; and

8. That PLAINTIFF have such other and further relief in justice it may be entitled to receive, and which this Honorable Court deems just and proper.

Respectfully submitted,
The plaintiff,
SHM PLYMOUTH, LLC
By its Attorney,

_____
Steven M. Guard, BBO #564424
GUARD LAW LLC
1165 Washington Street
Hanover, MA 02339
Tel: (781)681-6665
Fax (781)681-6664
Email: steve@guardlaw.net

Date: March 26, 2021

VERIFICATION

I, David Johnson, declare under penalty of perjury under the laws of the United States and the State of Massachusetts as follows:

1. I, the undersigned, am the general manager of SHM Plymouth, LLC. I certify I have read the foregoing Verified Complaint In Rem and In Personam, and know its contents.

2. The matters stated in the Complaint are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed this 23 day of March, 2021 at Plymouth, Massachusetts.

David Johnson

Respectfully submitted,
The plaintiff,
SHM PLYMOUTH, LLC
By its Attorney,

Steven M. Guard, BBO #564424
GUARD LAW LLC
1165 Washington Street
Hanover, MA 02339
Tel: (781)681-6665
Fax (781)681-6664
Email: steve@guardlaw.net